STATE v. HECTOR DAVIS.

*Assault with Intent to Commit Rape—Effect of Impeaching Evidence—Judge's Charge.*

1. Evidence introduced by the State on the trial of a criminal action for the purpose of impeaching the testimony of a witness for defendant can have that effect only and can not be considered by the jury as substantive evidence of the defendant's guilt.

2. On the trial below, it was in evidence that a certain witness introduced for defendant had made statements inconsistent with her testimony on the trial; the defendant asked the Court to charge "that the evidence could be considered by the jury only for the purpose of impeaching the testimony of the witness and not as substantive evidence of defendant's guilt;" the Court charged "that if the jury believed from the evidence that the two statements were inconsistent, then it would be for them to say whether her first statement or her evidence at the trial was the truth;" *Held,* to be error; the Court should have guided the minds of the jury as to the application of the impeaching evidence.

( *State* v. *Brown,* 76 N. C. 222, cited and approved.)

INDICTMENT for an Assault with intent to commit Rape, tried at June Term, 1877, of NEW HANOVER Criminal Court, before *Meares, J.*

It was in evidence that the prosecutrix, upon going a short distance from the house in which she lived to get some dry brush for fuel, was approached by the defendant who asked her if she did not want him to cut some wood for her. She replied that she did not, and upon her refusal to sundry other propositions made by him, he seized her and threw her down, she screamed and cried out in a loud voice, a scuffle ensued, in which he gave her a severe blow in the face, and then ran off. The step-father of the prosecutrix with other persons went in search of the defendant, and on arriving at the place where the difficulty occurred, they found a pipe stem (which was exhibited on the trial),

27

with certain marks upon it. The evidence in regard to this pipe stem was relied on among other things as an important circumstance by which the defendant could be identified as the party charged with committing the assault upon the prosecutrix, by whom he was not known at that time.

The evidence for the State, as testified to by one Arlington Howard and York Ellington, was, that they went to the house of one Jane Ross on the morning after the alleged assault, and exhibited said pipe stem to her, and in reply to their question, she stated that the pipe stem belonged to the defendant, and that he was smoking it at her house on the day of the alleged assault.

The defendant introduced Jane Ross, who testified that she had seen his pipe stem often and knew it well, and that she was positive the one produced at the trial was not his. This witness also swore that when the above named witnesses came to her house as testified to by them, she did not tell them that she believed it was defendant's pipe stem, but only looked like it. The State then re-called said witnesses to contradict the statement of Jane Ross, and their testimony relating to the pipe stem was substantially the same as that elicited on the first examination.

The defendant's counsel asked the Court to charge the jury that the testimony of Howard and Ellington could only be considered by them for the purpose of impeaching the testimony of Jane Ross, and not as substantive evidence of the defendant's guilt. His Honor intending to assent to the prayer of the counsel, responded by saying to the jury, after recapitulating the testimony, that if they believed said witnesses, Jane Ross had made a statement to them as to the identification of the pipe stem, totally inconsistent with the statement she had made upon this trial; that if they should come to the conclusion these two witnesses told the truth, then it would be for them to determine whether Jane

Ross had told the truth in her statement to them, or had told the truth in her statement made on this trial; and that the jury might take into consideration the fact that the statement made to the two witnesses was not under the sanctity of the oath, while her statement made on this trial was under oath. Defendant excepted. Verdict of Guilty. Judgment. Appeal by defendant.

*Attorney-General*, for the State.

*Mr. D. L. Russell*, for the defendant.

FAIRCLOTH, J.   A party may impeach the credibility of his adversary's witness, and one of the several modes of doing so is by showing that the witness at some previous time has made statements inconsistent with his evidence on the trial. And when two witnesses testify contradictory before the jury, in regard to a fact relevant to the issue, it becomes highly important for the jury to know which one is more entitled to credit. This information is to be obtained as best it can, and in various ways, as from the proof of character, cross-examination, demeanor and bearing of the witness, proof of other facts and surrounding circumstances, &c., and it is quite certain that a knowledge that one of the witnesses had made an inconsistent statement at another time, touching the same matter, unless explained, would have its effect on the minds of the jurors in their search for a correct conclusion on the main issue.

The defendant called Jane Ross, who testified that a certain pipe stem, exhibited on trial, was not the pipe stem of the defendant, and that she had previously said at her house that it looked like his, but that she soon thereafter satisfied herself that it was not. The Solicitor was then allowed to contradict her, by showing that she made a statement at her house at the time alluded to, totally inconsistent with her evidence on the trial. Assuming for the

purpose of this case, that a proper foundation was laid for the admission of the impeaching evidence, and further, that her statements were contradictory, the question arises, what is the proper office of the impeaching evidence and for what purpose should the jury consider it. The defendant's counsel prayed the Court to charge the jury "that it could be considered by them only for the purpose of impeaching the testimony of Jane Ross, and not as substantive evidence of the defendant's guilt." His Honor, "intending to assent to the prayer," told the jury in substance that if they believed from the evidence, that the two statements were inconsistent, then it would be for them to say whether her first statement or her evidence at the trial was the truth. This plain proposition was true, but it was no response to the prayer of the defendant. The instruction prayed was proper, *State* v. *Brown*, 76 N. C. 222, and the failure to give it, permitted the jury to consider the *fact* of contradiction, as *substantive* evidence of the defendant's guilt, and not simply as evidence affecting the credibility of the witness Jane Ross. The Court should have guided the minds of the jury in the application of the impeaching evidence. This conclusion makes it unnecessary to consider other exceptions.

There is error.                         Let this be certified, &c.

PER CURIAM.                                *Venire de novo.*